IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40953

Summary Calendar

_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

v.

GERARDO A URREGO,

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-94-CV-395)
_____

September 12, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:*

     Gerardo Urrego filed a motion in the district court

pursuant to 28 U.S.C. § 2255 to vacate his federal prison

sentence.  Urrego appeals the district court's denial of his

motion without an evidentiary hearing.  We affirm.

I.  FACTS AND PROCEDURAL HISTORY

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gerardo A. Urrego and his codefendants were tried before a jury and convicted of possession with intent to distribute approximately 47 kilograms of cocaine and conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Urrego was sentenced to 292 months of imprisonment and 10 years of supervised release. Urrego appealed his conviction arguing that the evidence was insufficient to sustain the jury's verdict, that the district court erred in impaneling the jury, and that he was denied his right to due process because his motion to dismiss based on outrageous government conduct was denied. This court affirmed Urrego's conviction. See United States v. Ornelas-Rodriquez, 12 F.3d 1339 (5th Cir.), cert. denied, 512 U.S. 1222 (1994).

In 1994, Urrego filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 alleging, inter alia, that he received ineffective assistance of counsel because Arnold S. Cohn, his trial attorney, failed to inform him of a plea offer from the Government. The Government filed a motion for summary judgment requesting that the district court deny Urrego's motion. Urrego's response to the Government's motion included an affidavit from Cohn. In relevant part, Cohn stated:

> Mr. Berg [Assistant United States Attorney] and I had a conversation concerning a Plea bargain for Mr. Urrego. He told me that, the remaining defendants, excluding Cruz and McKinney, were being offered 75% off the Federal Sentencing Guidelines Minimum Sentence in exchange for full cooperation with the government including testimony against Gerardo Urrego. This offer

2

> was also made to Mr. Urrego by Mr. Berg. Shortly,
> after this offer, 30 minutes maximum, Mr. Berg withdrew
> the offer since the other Defendants' positions were
> that they considered themselves innocent, considered
> Urrego innocent and refused to testify against him.

Urrego argued that Cohn never informed him that the Government had offered him this plea, and requested an evidentiary hearing to support his assertion.

The magistrate judge recommended that the Government's motion for summary judgment be granted and that Urrego's § 2255 motion be denied without an evidentiary hearing. The magistrate judge, in determining that Cohn's performance was not deficient, concluded: "[i]f Petitioner's trial counsel did not tell Petitioner of the plea bargain, it was because the plea bargain was withdrawn." Subsequently, the district court granted the Government's motion for summary judgment, and denied Urrego's § 2255 motion without an evidentiary hearing finding that "Urrego's trial counsel adequately informed him about the plea bargain but he refused to accept it." On April 4, 1997, this court granted Urrego a certificate of appealability on the issues of whether the district court abused its discretion by denying Urrego's § 2255 motion without conducting an evidentiary hearing and whether Urrego demonstrated that he had received ineffective assistance of counsel.

## II.  STANDARD OF REVIEW

The denial of a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing is reviewed for abuse of discretion.  United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  A petitioner is entitled to an evidentiary hearing on his motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  If, on the record, it can be concluded as a matter of law that a defendant cannot prove an element necessary to establish an ineffective assistance of counsel claim, then an evidentiary hearing is not necessary. United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995), cert. denied, 116 S. Ct. 1056 (1996).

## III.  DISCUSSION

Urrego claims that he received ineffective assistance of counsel because Cohn failed to inform him of a plea offer that the Government made during the middle of his trial and asserts that the district court erred by ruling on his § 2255 motion without conducting an evidentiary hearing on this claim.

To prevail on an ineffective assistance of counsel claim, a movant must show first, "that counsel's performance was deficient" and second, "that the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, to prove deficient performance, the movant must

4

show that counsel's actions "fell below an objective standard of reasonableness." Id. at 688. Several circuits have held that, if a defendant can establish that his attorney failed to convey to him a plea offer from the Government, he has established counsel's deficient performance. See United States v. Blaylock, 20 F.3d 1458 (9th Cir. 1994); United States v. Rodriquez Rodriquez, 929 F.2d 747 (1st Cir. 1991); Johnson v. Duckworth, 793 F.2d 898 (7th Cir. 1986); United States ex rel. Caruso v. Zelinsky, 689 F.2d 435 (3rd Cir. 1982). In Teague v. Scott, this court agreed with these circuits and determined that "failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel." 60 F.3d 1167, 1171 (5th Cir. 1995). Therefore, assuming arguendo that Cohn failed to communicate the plea offer, Urrego has satisfied the first part of the Strickland test.

As to the second prong of Strickland, in order to show prejudice, the movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Here, assuming Urrego had been able to accept the plea offer described in Cohn's affidavit, thereby reducing his sentence by 75%, his resulting sentence would have been very different from the 292 month sentence he received upon his conviction. However, while it is unclear whether Cohn informed Urrego about the plea offer, it is clear from Cohn's

5

affidavit that the plea offer was contingent on Urrego's codefendants agreeing to testify against him. According to Cohn's statement, the Government withdrew the plea offer within approximately 30 minutes of having made the offer because Urrego's codefendants maintained their innocence and refused to testify against him.

In his response to the Government's motion for summary judgment, Urrego contends that he heard the prosecutor announce the 75% off plea deal but did not know what part of the plea offer applied to him. He further alleges that Cohn changed the terms of the offer and asked Urrego "do you want to do some hard time" to which Urrego replied "no." Regarding his codefendants, Urrego claims that "all [co]defendants refused the deal because every one would be pleading to a LIE, to testify against Urrego." (emphasis in original). Further, in his motion to file Cohn's affidavit in support of this response, Urrego stated that "Mr. Berg withdrew the offer because all co-defendants refused to commit perjury in testifying that Urrego was the owner of the cocaine, as the prosecution wanted."

In his response to the magistrate judge's memorandum and recommendation, discussing the terms of the plea offer, Urrego maintains "[c]o-defendants had to testify against the petitioner, and they rejected the offer, they were not willing to commit perjury."

In his affidavit, filed in support of his § 2255 motion for evidentiary hearing, Urrego swears that "[Berg] went with the other codefendants . . . and offered them 2 years if they agreed to testify against me.  They rejected his proposition because they didn't know that I was involved in the conspiracy."

Now, in his appellate brief, Urrego offers the following version of events:

> Mr. Berg made plea offers to the other defendants in this case.  The Appellant requested trial counsel Arnold S. Cohn to get Appellant some type of plea bargain.  Thereafter, counsel Cohn consulted with the A.U.S.A. Mr. Berg, and while they were consulting with each other, the Appellant talked with his co-defendants.  The co-defendants indicated to appellant that they would take their plea offers as long as Appellant got a plea bargain.  Meanwhile, counsel Cohn reappeared and asked Appellant if he wanted to do some hard time.  Appellant informed counsel that he did not. Trial Counsel Cohn said there's no plea bargain for you.  Thereafter, the Appellant's co-defendants rejected their plea bargains based on the assumption that the government refused to make Appellant a plea bargain offer.

This novel version of events alleging a deal between Urrego and his codefendants regarding acceptance or rejection of potential plea offers is not supported by the record and is contrary to Urrego's assertions discussed above, which are contained in the record.

The Government argues that because the plea offer was conditioned on acceptance by Urrego's codefendants, once they refused their plea offers, the plea offer was withdrawn and there was nothing to offer Urrego.  We agree.  This theory is

consistent with Cohn's affidavit and is also supported by Urrego's repeated insistence in the record that his codefendants were unwilling to "commit perjury."  While it was Cohn's duty to communicate plea offers to Urrego, his alleged failure to do so in this case did not prejudice Urrego because the plea offer was conditioned on terms his codefendants were unwilling to meet. Therefore we find that Urrego is unable to satisfy the prejudice element of Strickland.

Because Urrego fails to satisfy an element necessary to establish an ineffective assistance of counsel claim, an evidentiary hearing is not necessary.  Walker, 68 F.3d at 934. We agree with the district court that the record shows conclusively that Urrego is entitled to no relief on his ineffective assistance of counsel claim.  We therefore conclude that the district court did not abuse its discretion by not conducting an evidentiary hearing before ruling on Urrego's § 2255 motion.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Urrego's § 2255 motion without an evidentiary hearing and grant of summary judgment in favor of the Government.